IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KEVIN CASH, REGINA CASH,
ALFRED CASH, III and DOUG CASH,

       Plaintiffs,

v.                                       No. 05-2917

NADA RETIREMENT ADMINISTRATORS,
INC. d/b/a NADART,

       Defendant.

_____

ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION
_____

       The Plaintiffs, Kevin Cash, Regina Cash, Alfred Cash, III and Doug Cash, who are proceeding pro se, brought this action against the Defendant, NADA Retirement Administrators, Inc. d/b/a NADART ("NADA"), under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. ("ERISA") based upon a theory of improper distribution of retirement benefits. Before the Court is the Defendant's motion for summary judgment pursuant to Rule 56, Fed. R. Civ. P. The Plaintiffs have responded, and this motion is now appropriate for disposition. For the reasons set forth below, this case is DISMISSED, albeit for a different reason.

BACKGROUND

       The following facts are undisputed unless noted. The Plaintiffs are the adult children of decedent, Alfred Cash, Jr. (Def.'s Statement of Undisputed Material Facts in Supp. Mot. Summ. J. ¶ 1) ("Def.'s Facts"). During his lifetime, Alfred Cash, Jr. worked for Schilling Lincoln-Mercury in Memphis, Tennessee and at some point he became vested in his employer's profit sharing plan

("the Plan"), which eventually rolled over into a 401(K) plan operated by NADA. (Def.'s Facts ¶¶ 2, 4). In 1990, Alfred Cash, Jr. listed his son, Justin McLaurin, as his beneficiary under the Plan. (Def.'s Facts ¶ 3).[1] Alfred Cash, Jr. died in January 2000. (Def.'s Facts ¶ 5).

On March 14, 2000, NADA informed the Plaintiffs, Justin McLaurin, and the estate of Alfred Cash, Jr. that "its records did not show a properly completed NADART beneficiary form from Alfred Cash, Jr." and that it therefore "intended to distribute the proceeds of his account to his children Alfred Cash, III, Doug Anthony Cash, Kevin Durrell Cash, Justin A. McLaurin, and Regina T. Cash." (Def.'s Facts ¶ 7). Thereafter, counsel for the decedent's estate and counsel for Justin McLaurin sought and obtained a restraining order in the Shelby County, Tennessee Probate Court prohibiting NADA from disbursing the funds as stated in its notice to the parties. (Def.'s Facts ¶ 9).

On July 27, 2000, Shelby County Probate Court Judge Robert Benham conducted a hearing to determine the "proper distribution of the proceeds of the decedent's 401(K) account." (Def.'s Facts ¶ 11).[2] After the hearing, Judge Benham issued an order finding that while not complying with the technical requirements of the Plan's election of beneficiary procedures, the decedent had clearly indicated his desire for the proceeds of his account to go only to his son, Justin McLaurin. (Def.'s Facts ¶ 12). Judge Benham concluded in his order that "[t]he beneficiary of the decedent's Schilling Motors, Inc. Profit Sharing Plan is Justin Austin McLaurin, a minor child, the named beneficiary

---

[1]The Plaintiffs dispute that their father listed Justin McLaurin as his beneficiary, claiming the document purportedly containing McLaurin's name and their father's signature is a fraud and a forgery. (Pls.' Statement of Disputed Material Facts in Resp. Mot. Summ. J. at 1-9).

[2]At the hearing, Justin McLaurin and the decedent's estate were represented by counsel. In addition, the Plaintiffs were present but were without counsel. (Def.'s Facts ¶ 12).

under the Plan." (Id.).[3]

Disagreeing with Judge Benham's ruling, the Plaintiffs retained counsel and sought to have the Shelby County Probate Court's order "set aside." (Def.'s Facts ¶ 13). On February 6, 2002, Judge Benham denied the Plaintiffs' motion to set aside and reaffirmed his original ruling. (Def.'s Facts ¶ 14).[4] On December 9, 2005, some three years later, the Plaintiffs filed the instant action. (Def.'s Facts ¶ 17). In their complaint, the Plaintiffs do not mention any of the underlying proceedings in Shelby County Probate Court. (Id. (citing Compl. at ¶ 2)). Instead, they characterize their case as involving "the proper disbursement of funds held in a 401(K) account by NADART for Alfred Cash, Jr. . . . ." (Id.).

<u>STANDARD OF REVIEW</u>

Rule 56( c) provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); <u>Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.</u>, 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct.

---

[3]In his order, Judge Benham directed NADA to deposit the Plan's proceeds "into an interest bearing account in Shelby County, Tennessee." (Def.'s Facts ¶ 12).

[4]"[T]he [Probate] Court denied petitioners' Motion to relitigate the full trial because petitioners had voluntarily waived their right to counsel and all proof and issues were fully litigated at the July 2000 hearing." (Def.'s Facts ¶ 15).

1348, 1356 (1986).  When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S. Ct. at 2552.  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S. Ct. at 1356.  These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986).  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552.  In this circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action." Lord v. Saratoga Capital, Inc., 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989)).  Finally, the "judge may not make credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

## ANALYSIS

The Defendant contends it is entitled to judgment as a matter of law under the affirmative defense of res judicata.  The Plaintiffs, proceeding without counsel, have responded to the Defendant's motion in a rambling nine-page document outlining their view of the case, to which they attach a number of documents.  The Plaintiffs do not, however, in any meaningful way respond to the Defendant's res judicata argument.

Because this Court concludes that it lacks subject matter jurisdiction over this dispute, it

declines to decide this lawsuit on the basis of res judicata.

I.      SUBJECT MATTER JURISDICTION

Although not presented as an issue by either party, the Court has inherent authority to dismiss a case based on a lack of subject matter jurisdiction.   See Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") (emphasis added).

Under the Rooker-Feldman doctrine, federal courts lack subject matter jurisdiction to review state court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 103 S. Ct. 1303 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 414, 44 S. Ct. 149 (1923).  In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521 (2005), the United States Supreme Court, noting the basis of the Rooker-Feldman doctrine, recalled

> that appellate jurisdiction to reverse or modify a state-court judgment is lodged, initially by § 25 of the Judiciary Act of 1789, 1 Stat. 85, and now by 28 U.S.C. § 1257, exclusively in this Court. Federal district courts . . . are empowered to exercise original, not appellate, jurisdiction. Plaintiffs in Rooker and Feldman had litigated and lost in state court. Their federal complaints, we observed, essentially invited federal courts of first instance to review and reverse unfavorable state-court judgments. We declared such suits out of bounds, i.e., properly dismissed for want of subject-matter jurisdiction.

The Supreme Court then reaffirmed the core of Rooker-Feldman, declaring,

> [t]he Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp., 544 U.S. at 284, 125 S. Ct. at 1521; see also Peterson Novelties, Inc. v. Berkley, 305 F.3d 386, 391 (6th Cir. 2002) ("'Where federal relief can only be predicated upon a conviction

that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'") (quoting Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998)).

In Stemler v. Florence, the Sixth Circuit discussed the "frequent conflation" with the Rooker-Feldman doctrine and res judicata.  350 F.3d 578, 589 (6th Cir. 2003).  There, the court stated the essential difference between the two doctrines:

> In order to determine the applicability of the Rooker-Feldman doctrine, the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the injury alleged resulted from the state court judgment itself, Rooker-Feldman directs that the lower federal courts lack jurisdiction. If the injury alleged is distinct from that judgment, i.e., the party maintains an injury apart from the loss in state court and not "inextricably intertwined" with the state judgment, . . . res judicata may apply, but Rooker-Feldman does not . . . .

Id. (quoting Hutcherson v. Lauderdale County, Tenn., 326 F.3d 747, 755 (6th Cir. 2003)); see also Thomas v. Eby, 481 F.3d 434, 437-38 (6th Cir. 2007).  Finally, in Hutcherson, the court stated that the Rooker-Feldman issue should be considered first because "its application strips federal courts of jurisdiction and the ability to hear a res judicata, or other affirmative defense."  326 F.3d at 755 (citing Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir. 1996)).

In this case, the Plaintiffs brought suit against NADA based on their averment that the Defendant improperly distributed their father's 401(K) proceeds by not including them in the distribution.  See (Compl. ¶¶ 12, 13). Specifically, the Plaintiffs complained that "[a]t the time of decedent's death, there was not a properly executed NADART beneficiary form."  (Compl. ¶ 9).  In the state court proceedings, the Shelby County Probate Court found, over the Plaintiffs' objection

and motion for reconsideration[5], that the NADART beneficiary form was properly executed and that Justin McLaurin was the sole beneficiary.  The Shelby County Probate Court then ordered NADA to distribute the proceeds of the plan to the "Guardianship Estate of Justin Alan McLaurin . . . ." (Def.'s Facts ex. 10, at 1).

The Court finds that the Plaintiffs' lawsuit constitutes nothing more than an invitation for appellate review and rejection of the Shelby County Probate Court decision.  Here, the Plaintiffs, the state-court losers, complain that NADA improperly distributed the proceeds of their father's plan.  Because NADA was ordered to do so by the state court, the Plaintiffs' alleged injury for which they seek relief in federal court stems directly from the effect of the state-court judgment. Therefore, the Court lacks subject matter jurisdiction in this case.  Exxon Mobil Corp., 544 U.S. at 284, 125 S. Ct. at 1521.  Accordingly, this case is hereby DISMISSED with prejudice.  See Fed. R. Civ. P. 12(h)(3)

IT IS SO ORDERED this 25th day of May, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[5]The Plaintiffs did not appeal the Shelby County Probate Court's order.  (Def.'s Facts ex. 10, at 1).